## BLACKARD v. GOOD et al.

No. 34151.   Sept. 30, 1952.

*248 P. 2d 596.*

Felix Duval and C. D. Northcutt, Ponca City, for plaintiff in error.

Tom L. Irby, Ponca City, for defendants in error.

DAVISON, J.   G. W. Blackard commenced action against Wayne L. Good and Betty Good to enjoin the defendants, owners of a certain tract of land, from using the certain tract of land for the purpose of building and operating thereon an animal hospital.

The plaintiff in pleading stated that he had sold various tracts and pieces of property located within a certain described subdivision of a certain section of land and with the general understanding and information to purchasers that the entire subdivision would be restricted; that the defendants had attempted to buy Tract No. 17 of said subdivision from the plaintiff for the purpose of erecting and operating thereon an animal hospital; that said Tract No. 17 is located near the Pioneer Woman Statue, which monument has great beauty, and that plaintiff had refused to sell said tract to the defendants; that thereafter the plaintiff sold said Tract No. 17 to W. O. Reisen, in accordance with the terms of their certain written contract.   The contract as pleaded contained the following provision:

"5.   It is specifically agreed and understood by and between the parties hereto that this conveyance is made upon the following consideration.   That the premises may be used for business which is approved by first party.   Also one dwelling may be erected in addition to a business building with the following restrictions.   The first cost of the dwelling shall not be less than $6000.00 and said buildings to set back not less than 50 feet from the front property line and not less than 50 feet from either side line.   No existing building or structure shall be placed or moved to said property.   Second party further specifies in this contract that he is to be privileged to erect and conduct a drive-in cafe together with the erection of a number of cabin camps."

Further allegations of the petition were to the effect that the defendants indirectly purchased the land from W. O. Reisen shortly after Reisen purchased the same by having their agent, R. W. Wicker, take the title in his name and then in turn taking a contract of conveyance from Wicker to defendants; that the money paid by Wicker to Reisen for the foregoing conveyance was

furnished and actually paid by defendants; that defendants had full actual knowledge of all the terms, conditions and provisions of the contract between plaintiff and Reisen; that the defendants have commenced building operations on the land and with intention and plan to erect on said premises an animal hospital, and will use said Tract 17 in carrying on an animal hospital business, all to the irreparable injury of the plaintiff and others similarly situated, unless the defendants be enjoined therefrom by the court.

That the contracts of purchase between plaintiff and Reisen and defendants' agent, Wicker, and Reisen, are attached to plaintiff's petition and marked Exhibits "A" and "B" respectively.

The defendants filed a general demurrer to the petition of the plaintiff. The demurrer was sustained, with the announcement of the plaintiff that he would not plead further or amend his petition. Judgment was entered for defendants, and plaintiff appeals.

The plaintiff contends that the court erred in sustaining the demurrer to his petition; that under all the facts alleged and admitted, with inferences that may be legally drawn therefrom, a cause of action is stated entitling plaintiff to relief, upon proper proof of said allegations.

As noted, the plaintiff in his petition seeks the aid of the court and of its process of injunction to prevent the defendant from using the lands for the carrying on of an animal hospital business, after timely preventive notice had been served on defendants.

There is no question that a personal covenant or agreement affecting lands will be held valid and binding in equity on a purchaser taking the estate with notice, and it is immaterial that the agreement may not be a covenant which runs with the land. Southwest Petroleum Co. v. Logan, 180 Okla. 477, 71 P. 2d 759. Herein the right of action and the right to the relief claimed rests with the terms of the written agreement of which the defendants had actual notice, and together with all of the surrounding circumstances leading up to the execution of the written contracts.

The primary question in test of the plaintiff's petition by demurrer is whether the contract in pleading, and of which the defendants had actual notice, contains a restriction against the use of the land by these particular defendants for the operation of an animal hospital. In the case of Richardson et al v. Callahan, 213 Cal. 683, 3 P. 2d 927, the following language was used:

"The marked tendency of our decisions seems to be to disregard the question of whether the covenant does or does not run with the land and to place the conclusion upon the broad ground that the assignee took with knowledge of the covenant and it was of such a nature that, when the intention of the parties, coupled with the result of a failure to enforce it, was considered, equity could not in conscience withhold relief. * * * 'The precise form or nature of the covenant or agreement is quite immaterial. It is not essential that it should run with the land. A personal covenant or agreement will be held valid and binding in equity on a purchaser taking the estate with notice. It is not binding on him merely because he stands as an assignee of the party who made the agreement, but because he has taken the estate with notice of a valid agreement concerning it, which he cannot equitably refuse to perform.' "

In the case of Southwest Petroleum Co. v. Logan, supra, it was said:

"The restrictions need not rise to the dignity of a grant or reservation, but create an equitable right in the nature of an easement, enforceable in equity against all persons taking with notice, even if it rests on no broader principle than that equity will enforce a proper contract concerning land, against all persons taking with notice of it."

The contract between plaintiff and Reisen provided that "the premises may be used for business which is ap-

proved by first party" (plaintiff). The contract further provided for the minimum cost and location of building to be erected, and further provided that Reisen had the privilege to erect and conduct a drive-in cafe together with the erection of tourist cabins. The parties to the contract had agreed on the nature of the business to be conducted.

Defendants knew that the land involved was in a highly restricted district; that plaintiff had refused defendants, personally and directly, the sale of this property for an animal hospital, because of its close location to the Pioneer Woman Statue. Defendants knew that a cafe and tourist cabins would be advantageous to tourists viewing the statue. They knew that plaintiff's refusal to sell them the property for an animal hospital was for the protection of the Pioneer Woman statue and state park. They were placed on notice that plaintiff would never approve the use of the tract for an animal hospital. They knew that plaintiff had opened up the addition of which the tract involved herein was a part.

It is also significant to note that the defendants were trying to do indirectly that which they could not do directly. Defendants evidently thought they would be confronted with the provisions contained in plaintiff's original contract, for in the contract between Reisen and their agent, Wicker, defendants were protecting themselves against being unable to build the animal hospital, by having the following clause inserted in the contract:

"It is further agreed by and between the parties hereto that this contract is null and void in the event the purchaser is not granted the privilege to establish the type of business on above land that he desires due to restrictions that will run with the land and binding on any purchaser, and in that event the seller, first parties, will pay the $500.00 deposit back to the purchaser and this contract. * * *"

We are of the opinion and hold that the allegations contained in plaintiff's petition, and attached exhibits, were sufficient to withstand a demurrer under the rule announced in Southwest Petroleum Co. v. Logan, supra.

The judgment of the trial court is reversed, with directions to overrule defendants' demurrer and proceed in accordance with the views herein expressed.

HALLEY, V. C. J., and GIBSON, JOHNSON, and O'NEAL, JJ., concur. WELCH and BINGAMAN, JJ., dissent.