**W. P. MORTON, Plaintiff In Error,**

v.

**CLEARVIEW HOMES, Inc., a Corporation, Defendant in Error.**

**No. 37870.**

Supreme Court of Oklahoma.

Feb. 25, 1958.

As Corrected April 14, 1958.

Rehearing Denied April 15, 1958.

Hanson & Green, Oklahoma City, for plaintiff in error.

H. L. Douglass, Kenneth J. Wilson, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

In this case it appears that on and prior to April 27, 1950, John H. Kuhlman et al., herein referred to as Kuhlman heirs, were the owners of a tract of land lying in the Southeast Quarter of Section 9, Township 11 North, Range 2 West, Oklahoma County, Oklahoma.

The Kuhlman heirs thereafter caused this tract to be subdivided into lots and blocks for sale to the public. They had the tract surveyed and plat thereof made all in accordance with the provisions of 11 O.S.1951 §§ 511 and 512. The plat was completed and signed on April 27, 1950, but was not placed of record until July 6, 1950. Such plat states that restrictive covenants are set out on 3 sheets to be filed separately. On the same day the Kuhlman heirs also executed a certificate of dedication containing restrictive covenants dedicating the streets and alleys designated in the plat to public use but said instrument was not recorded until August 1, 1950. The platted area is designated as Harr-Julian Addition to the City of Midwest City, Oklahoma.

On May 17, 1950, the Kuhlman heirs conveyed by warranty deed to Joseph E. Julian Lot 1, Block 1 of said addition. At the time of this conveyance this plat and the certificate of dedication containing the re-

strictive covenants had not been placed of record but the evidence is undisputed that Julian had actual knowledge thereof at the time he acquired title to the lot.

On the 19th day of Dec., 1951, Joseph E. Julian, joined by his wife, conveyed said lot by warranty deed to W. P. Morton. On January 4, 1956, Clearview Homes, Inc., a Corporation, acquired title to Lot 1, Block 3 in Re-plat of said addition.

The certificate of dedication contains numerous restrictive covenants but the only restrictions here material are restrictions numbered five and nine and are as follows:

"(5). No building or structure of any sort may be placed, erected or used for business, professional, trade, or commercial purposes on any lot or on any portion of any lot in Harr-Julian Addition.

"* * * * * *

"(9). No noxious or offensive trade or activities shall ever be carried on upon any lot or lots in Harr-Julian Addition, nor shall anything be done thereon which may be or become an annoyance or nuisance in the neighborhood."

Sometime in the spring of 1953 Morton commenced the construction of a building on said lot with the intent to use it in the operation of a filling station but the building has never been completed.

On October 4, 1956, Clearview Homes, Inc., a Corporation, owner of Lot 1 in Block 3 in the Re-plat of said addition, commenced an action in injunction against defendant W. P. Morton seeking to enjoin him from completing the building on said lot and to enjoin him from further violating any of the restrictive covenants contained in the certificate of dedication and to compel him to remove from the premises the partially completed building and all building material and debris from the lot.

The trial court at the close of the evidence found the facts substantially as above stated and concluded as a matter of law that defendant's lot is subject to the re-strictive covenants contained in the certificate of dedication and that in violation of said restrictions he commenced the construction of a concrete block building on the lot for the purpose of using the same for commercial business activities and upon such findings and conclusions entered judgment in favor of plaintiff granting the injunction, enjoining defendant from violation of the restrictive covenants of the Harr-Julian Addition to Midwest City, Oklahoma, and further ordered and adjudged:

"* * * that defendant be and he is hereby ordered and directed to remove the partially constructed building and all building materials from said Lot 1, Block 1, Harr-Julian Addition to Oklahoma County, State of Oklahoma within ninety (90) days from the date hereof; and upon defendant's failure so to do within said period of time, said building materials may be removed by plaintiff and the cost of removal of same shall become a lien upon said property of defendant hereinabove described."

Defendant appeals and makes the sole contention that the evidence conclusively shows that on the day the Kuhlman heirs conveyed the lot to Joseph E. Julian the plat and instrument containing the restrictive covenants had not been placed of record; that Julian therefore took title thereto free from the restrictions and that when he thereafter conveyed the lot by warranty deed to W. P. Morton, defendant herein, he also took title thereto free from the restrictions.

We do not agree.

The evidence shows that at the time Julian acquired his title from the Kuhlman heirs he had actual knowledge of the existence of the plat and restrictive covenants contained in the certificate of dedication. He therefore took title thereto burdened with the restrictions. The evidence also shows that at the time Julian conveyed the lot to defendant Morton the plat and instrument containing the restrictive covenants had been recorded. De-

fendant therefore had constructive notice of the restrictions at the time he took title thereto and he therefore also took title burdened with the restrictions. In Southwest Petroleum Co. v. Logan, 180 Okl. 477, 71 P.2d 759, this Court said, in paragraph one of the syllabus:

"A covenant or agreement restricting the use of land in a certain tract imposed thereon by a common grantor under a general improvement plan, intended for the mutual benefit of all grantees therein, may be enforced in equity by any subsequent grantee in such tract, who purchased with reliance on the general plan, against any other subsequent grantee taking with notice of the restrictions. In such case the recording of restrictions with dedication plat is sufficient notice to subsequent purchasers, and the restrictions need not be included in subsequent deeds or be such as would technically run with the land."

And in Blackard v. Good, 207 Okl. 175, 248 P.2d 596, it is stated:

"Restrictions and prohibitions of the use of real property are not favored in the law, but where one takes land with notice of restrictive agreement affecting it, such person cannot equitably refuse to perform the agreement, though the agreement may not be a covenant which runs with the land."

In 14 Am.Jur. 615, Covenants, Conditions and Restrictions, Section 203, it is stated: "A deed and the plat which includes the property granted must be read together, and whatever appears on the plat is to be considered as a part of the deed."

We conclude that under the facts above stated defendant Morton acquired the lot in question with notice of the restriction and he therefore took title burdened therewith.

The trial court ruled correctly in so holding and entering judgment in favor of plaintiff.

Judgment affirmed.